**Charles HARVEY & Cleotha Harvey, Plaintiffs/Appellants,**

v.

**VILLAGE OF HILLSDALE, Defendant/Respondent.**

No. 66041.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 21, 1995.

Sean C. Santoro, Kansas City, for appellants.

Alan J. Baker, St. Louis, for respondent.

CRANDALL, Judge.

Plaintiffs, Charles and Cleotha Harvey, appeal from the judgment of the trial court which set aside a judgment entered against defendant Village of Hillsdale in plaintiffs' civil action for bodily injury and loss of consortium.[1] We affirm.

Plaintiffs filed their two-count petition against defendant on June 11, 1992, demanding $15,000 for bodily injuries to Charles, and $15,000 for Cleotha's loss of consortium. Charles and Cleotha Harvey are husband and wife. The heading of the petition indicated that it was filed "In the Associate Circuit Court of the County of St. Louis, State of Missouri." Defendant filed an answer to plaintiffs' petition. Plaintiffs then set the case for trial without giving notice to defendant. On October, 14, 1992, plaintiffs took a "default judgment" against defendant.

---

1. The parties to this appeal are referred to as plaintiffs and defendant based on their designa-

tion in the underlying damage claims.

The heading of the "Judgment in Default" memo was "In the Circuit Court of St. Louis County, Missouri." The caption was "Charles Harvey et al. vs. Village of Hillsdale." The memo stated:

The plaintiff(s) appears in person and/or by attorney. The defendant(s) although called three times appear(s) not. The court finds that the defendant(s) is in default. This cause now being submitted to the court upon the pleadings and evidence, and the court being fully advised in the premises finds that the plaintiff(s) is entitled to a default judgment.

Wherefore, it is ORDERED, ADJUDGED AND DECREED that the plaintiff(s) have and recover from the defendant(s) as follows:

| | | |
|---|---|---|
| $ | 15,000 | Principal |
| $ | 9% | Interest |
| $ | | Attorney's fees |
| $ | 15,000 | Total plus court costs |

The memo was signed by a circuit judge. Again, there is no indication in the record that notice was given to defendant.

On December 29, 1993, defendant filed a motion for relief from judgment under Rule 74.06(b)(4), which pertains to void judgments, as well as an independent action to set aside the judgment. On April 19, 1994, the trial court sustained defendant's motion, apparently under Rule 74.06(b)(4), holding the judgment was void because plaintiffs' petition sought relief in excess of the monetary jurisdiction of the associate circuit court.

In their first point, plaintiffs claim the judgment rendered below was a valid default judgment and therefore the trial court erred in granting relief from judgment because defendant's motion was filed more than a year after the judgment was entered. *See* Rule 74.05(d).

■ Although the underlying judgment was characterized as a default judgment, the defendant entered his appearance and filed an answer before the judgment was entered. "A judgment entered in a suit in which an answer has been filed by a party who fails to appear on the date set for trial is not a default judgment." *Taylor v. Taylor*, 742 S.W.2d 630, 632 (Mo.App.1988). Because the judgment herein was not a default judgment, Rule 74.05(d) and its attendant time limitation relating to the setting aside of default judgments do not apply.

■ Defendant filed a motion under Rule 74.06(b)(4) which provides relief from void judgments and also filed an independent action, both of which are permissible under Rule 74.06. *See Cozart v. Mazda Distributors (Gulf), Inc.*, 861 S.W.2d 347 (Mo.App. S.D.1993); *Thompson v. Columbia Mut. Ins. Co.*, 820 S.W.2d 626 (Mo.App.1991). The basis for defendant's motion and independent action under Rule 74.06 was § 478.225 (RSMo 1986), which provided that the monetary jurisdiction of an associate circuit judge was limited to actions where the sum demanded, exclusive of interest and costs, did not exceed $15,000. The defendant contended, and the trial court agreed, that the "default judgment" was void because the petition demanded a total of $30,000, plus costs, and thus exceeded the jurisdictional limit set by the statute. In response, the plaintiffs argued they didn't come under the statute because each count taken separately was within the monetary jurisdiction of the court.

The problem with the parties' arguments, and the trial court's ruling on the defendant's motion for relief from judgment, is that § 478.225 (RSMo 1986) was repealed in 1989. § 478.225 (RSMo 1986), *repealed by* 1989 Mo.Laws 1049. *See also* Judge Robert S. Cohen, Civil Practice Before Associate Circuit Judges: An Update, 48 J.Mo.B. 429 (1992). Since it was not in existence when this action was filed in 1992, § 478.225 is not applicable.

■ At the same time § 478.225 was repealed, § 478.220 was amended. *Id.* at 429. Originally, § 478.220 provided that "(C)ircuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts...." § 478.220 (RSMo 1986). Now § 478.220 reads "(C)ircuit judges *and associate circuit* judges may hear and determine all cases and matters within the jurisdiction of their circuit courts ..." (emphasis added). § 478.220 (RSMo 1994). Thus, associate circuit judges now have concurrent original jur-

isdiction of all causes heard by circuit judges, with no monetary limitation. Cohen, *supra*, at 430. "While it is customary for associate circuit judges to hear civil cases where the demand is no more than $15,000, such is a matter of local practice now and not a matter of statutory jurisdiction." *Id.* Additionally, the judgment that was entered in the underlying case was denominated as a circuit court judgment and was signed by a circuit judge.

 However, a correct result will not be set aside even if the trial court gave a wrong or insufficient reason for its judgment. *Edgar v. Fitzpatrick*, 377 S.W.2d 314, 318 (Mo. banc 1964). To determine whether the trial court here reached a correct result in setting aside the default judgment, notwithstanding its misplaced reliance upon § 478.225, we must look to the underlying judgment.

The original action consisted of two separate claims, one demanding $15,000 for the bodily injuries to Charles, and one demanding $15,000 for his wife's loss of consortium. The "default judgment" memo merely awarded "Charles Harvey et al." $15,000, plus court costs, without any further explanation or detail.

A negligently inflicted bodily injury to a married man gives rise to two independent causes of action, one for the husband for his injuries, and one for the wife for loss of consortium. *Lear v. Norfolk And Western Ry. Co.*, 815 S.W.2d 12, 14 (Mo.App.1991). Properly, this judgment should have indicated disposal of both counts, with the court's findings as to the total amount of damages on the husband's claim for bodily injury and the total amount of the wife's damages on her claim for loss of consortium. Because the underlying judgment failed to dispose of all claims and parties on its face, the judgment was not final, but was, at best, interlocutory in nature. *Simpkins v. Ryder Freight System, Inc.*, 855 S.W.2d 416, 420 (Mo.App.W.D. 1993).

When an action presents multiple claims or involves multiple parties, a judgment as to one or more but fewer than all of the claims or parties is not a final judgment unless there is an express determination that there is no just reason for delay. Rule

74.01(b). In the absence of such a determination, the judgment or order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.* "At any time before final judgment a court may open, amend, reverse or vacate an interlocutory order." *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo.banc 1969). However, "any such action should be taken only after proper notice to the parties." *Id.* Here, lack of notice is not an issue. Clearly, it was within the discretion of the trial court to set aside the purported judgment at anytime before it became final.

We therefore hold that because the purported judgment entered in the underlying case was not a final judgment, the trial court did not abuse its discretion in setting it aside.

We affirm.

CRANE, P.J., and DOWD, J., concur.