**B.C. NATIONAL BANKS, Appellant,**

v.

**James W. POTTS, Respondent.**

No. WD 57869.

Missouri Court of Appeals,
Western District.

Submitted Sept. 7, 2000.

Decided Oct. 31, 2000.

Bruce E. Strauss, Kansas City, for appellant.

Richard A. Koehler, Butler, for respondent.

Before HOLLIGER, P.J.,
BRECKENRIDGE and SMART, JJ.

JAMES M. SMART, Jr., Judge.

B.C. National Banks appeals from a trial court ruling quashing execution of judgment on grounds of lack of subject matter jurisdiction. Because we determine that the trial court had jurisdiction of the claim in question, we reverse the trial court judgment quashing execution.

#### Factual Background.

Appellant B.C. National Banks ("B.C.") filed an unlawful detainer action against James Potts in the associate circuit division of the Circuit Court of Bates County. B.C. later amended the petition to state a cause of action in judicial foreclosure, and sought a money judgment in the amount of $26,485.56. Following a trial on the merits on February 3, 1999, the court entered

judgment in favor of B.C. in the amount of $26,485.56.

On September 17, 1999, after the judgment had become final, and while B.C. was attempting to execute its judgment, Potts filed a motion to quash execution on the basis that the associate circuit judge lacked subject matter jurisdiction. Potts contended in his motion that the court lacked subject matter jurisdiction because § 517.011.1, RSMo 1994,[1] limits the jurisdiction of associate circuit judges to claims not exceeding $25,000.00, unless the case has been referred to the presiding judge and assigned to the associate circuit judge pursuant to §§ 517.041.3 and 517.081(1). The court entered a judgment granting Potts' motion to quash. B.C. now appeals that ruling to this court.

## Standard of Review

Although the decision to dismiss for lack of subject matter jurisdiction is in some instances a question of fact left to the sound discretion of the trial judge, a different approach is necessary when there is no dispute concerning the facts. When the facts are uncontested, a question as to the subject matter jurisdiction of a court is purely a question of law, and is reviewed *de novo* by this court. The question in this case is whether the claim in excess of $25,000.00 destroyed the jurisdiction of the associate circuit judge to hear and determine the case. We review pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) to determine whether the trial court correctly applied the law in deciding that it lacked jurisdiction of the case in the first place.

## Analysis

Article V of the Constitution of Missouri, governing Missouri courts, underwent major reform in 1979. Section 1 of Article V now states that the judicial power of the state is vested in "a supreme court, a court of appeals consisting of districts as prescribed by law, and circuit courts." Magistrate courts, as separate constitutional courts, were abolished in the reform of Article V. Art. V § 27.2, Mo. Const. The jurisdiction of magistrate courts was transferred to the circuit courts. *Id.* The associate circuit judges were designated in Art. V § 17 to hear the cases previously resolved in the magistrate courts. That provision states that associate circuit judges "may hear and determine all cases, civil or criminal and all other matters as now provided by law for magistrate or probate judges and may be assigned such additional cases or classes of cases as may be provided by law...." Art. V § 17, Mo. Const.

The key question, of course, is what additional jurisdiction the legislature has "provided by law" for associate circuit judges. Section 478.225.2, which was adopted along with the changes in the judicial article in 1979, listed the cases within the civil jurisdiction of associate circuit judges. This statute was consistent with the concept of the associate circuit judge as a judge of limited statutory jurisdiction. The statute provided for a monetary jurisdictional limit of $15,000.00. In 1989, however, ten years after the reform of Article V, the General Assembly adopted substantial changes as to the jurisdiction of associate circuit judges. Specifically, § 478.225 was repealed and at the same time § 478.220 was amended. Sec-

1.  Section 517.011.1 provides:
    The provision of this chapter shall apply to the practice and procedure in civil cases originally filed before associate circuit judges in hearing and determining the following cases or classes of cases:
    Except as otherwise provided by law, all civil actions and proceedings for the recovery of money, whether such action be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, *when the sum demanded, exclusive of interest and costs, does not exceed twenty-five thousand dollars; ...* (emphasis added).

tion 478.220, which had previously provided that "circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts . . .", was amended to provide that "circuit judges *and associate circuit judges* may hear and determine all cases and matters within the jurisdiction of their circuit courts . . ." § 478.220 (emphasis added).[2] Appellant B.C. argues that by virtue of the inclusion of those four additional words in the 1989 statutory amendments, the General Assembly abolished the concept of limited statutory jurisdiction for the associate circuit judge. The statutory revision, according to B.C., gave associate circuit judges concurrent original jurisdiction of all causes heard by the circuit judge. *Id.* Chapter 517, argues B.C., is merely a chapter providing for expedited procedures for certain categories of claims. It is not, says B.C., a chapter providing limits on jurisdiction.

In *Harvey v. Village of Hillsdale,* 893 S.W.2d 395 (Mo.App.1995), plaintiffs Charles and Cleotha Harvey sued the Village of Hillsdale in a two count petition seeking recovery of $15,000.00 for bodily injury to Charles Harvey and $15,000.00 for Cleotha Harvey's loss of consortium. The petition stated it was filed in "The Associate Circuit Court of the County of St. Louis." After defendant answered, plaintiff set the case for trial without giving notice to defendant. Plaintiffs then took a "default judgment" against the defendant. The judgment was signed by a circuit judge. Fourteen months later defendant filed a motion for relief from the judgment under Rule 74.06(b)(4). The court granted the motion to set aside, holding the judgment was void because

plaintiff's petition sought relief in an amount in excess of the monetary jurisdiction provided by § 478.225. On appeal, in addressing the jurisdictional issue, the court stated that because of the repeal of § 478.225, and the contemporaneous amendment of § 478.220, associate judges have concurrent original jurisdiction of all cases heard by circuit judges, with no monetary limitation. Thus, the court concluded that the trial court's jurisdictional reasoning was incorrect.[3] *Id.* at 397–8.

The argument that there is a monetary jurisdictional limit for associate circuit judges arose again in *Mogley v. Fleming,* 11 S.W.3d 740 (Mo.App.1999). In *Mogley,* which involved a claim for legal malpractice and fraudulent misrepresentation, one of the contentions of the defendant on appeal was that the petition lacked sufficient allegations of venue or jurisdiction "to place the matters before the Circuit Court of the City of St. Louis." *Id.* at 746. Defendant argued that plaintiff's original petition failed to state in the prayer for relief that the damages were greater than the monetary amount specified in § 517.011. Defendant argued that § 517.011.1 limits the monetary jurisdiction of associate circuit judges. The court of appeals disagreed, holding that associate circuit judges have concurrent original jurisdiction of all causes heard by circuit judges with no monetary limitations, citing *Harvey. Mogley,* 11 S.W.3d at 747.

No case has held to the contrary of *Harvey* and *Mogley.* Accordingly, we agree with B.C. that when § 478.225 was repealed, the monetary jurisdictional limit of the associate circuit division was also repealed. Chapter 517, which creates pro-

---

**2.** Section 478.220(3):
  Circuit judges and associate circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts, subject however, to the following restrictions:
  (3) The provisions of this section authorizing the hearing and determination of particular cases or classes of cases by circuit judges and associate circuit judges *shall be*

  *subject to the transfer, assignment, and disqualification provisions contained* in article v. of the constitution, *in provisions of law* . . . (emphasis added).

**3.** Nevertheless, the court declined to reverse the ruling setting aside the judgment, because the court found for other reasons that the judgment was not final.

cedures applicable to civil cases originally filed before magistrate judges in which the prayer does not exceed $25,000, was simply an effort to retain a separate set of procedures for claims of a lower monetary amount.[4] The language in § 478.220(3) referring to the "transfer, assignment and disqualification provisions contained ... in provisions of law" was presumably intended to preserve the traditional procedures related to transfer of cases, assignment by presiding judge, and disqualification. We find no authority for the proposition that § 478.220(3) was an attempt to limit the jurisdiction of associate circuit judges by the provisions of Chapter 517.

While Chapter 517 does place a limitation on the applicability of the procedural provisions of that chapter, that procedural limitation differs from a restriction on the subject matter jurisdiction of associate circuit judges. In his argument to the trial court, Potts argued only jurisdiction, and did not object to the trial court's failure to follow the procedures set forth in Chapter 517. As in the case of other erroneous rulings, such as an erroneous evidentiary ruling, the litigant must object to procedural errors or be deemed to have waived objection. Potts' failure to raise such an objection prior to judgment acts as a waiver of that objection. *See Sellenriek v. Dir. of Rev.*, 826 S.W.2d 338, 339 (Mo. banc 1992).

We conclude that the trial court erred in quashing the writ of execution on jurisdictional grounds. The judgment of the trial court quashing execution is reversed.

HOLLIGER and BRECKENRIDGE, JJ., concur.

---

4. We note that § 517.081, RSMo 2000 Cum. Supp., which deals with the certification of cases to the presiding judge of the circuit, may create some confusion when it refers to claims exceeding "the jurisdiction of cases triable under this chapter." It would appear, however, that section 517.081 is using the word "jurisdiction" in a much broader sense than is denoted in the constitutional sense of the word "jurisdiction."