LAMI WOOD PRODUCTS CORP., Plaintiff–Appellant,

v.

The WOODLANDS GROUP AT KEY HARBOR L.L.C., et al., Defendants–Respondents.

No. 25425.

Missouri Court of Appeals, Southern District, Division. Two.

Dec. 11, 2003.

Motion for Rehearing and/or Transferred to Supreme Court Denied Jan. 5, 2004.

Lester J. Hubble, Welsh & Hubble, P.C., St. Louis, for Appellant.

John E. Curran, Brook McCarrick, Curran & Sickal, Osage Beach, for Respondents.

JOHN E. PARRISH, Judge.

This is an appeal from a judgment for The Woodlands Group at Key Harbor L.L.C., Parkview Bay Development, Inc., and R.E.D. Investments, L.L.C., (collectively referred to as defendants) in an action brought by Lami Wood Products Corp. (plaintiff) that sought damages for certain goods and merchandise sold by plaintiff to The Woodlands at Key Harbor L.L.C. This court dismisses and remands.

The disposition of this appeal relates to procedural error that renders the judgment that has been appealed void, as asserted by Point I of plaintiff's appellant's brief. This case was tried by an associate circuit judge.[1] The sum plaintiff's petition demanded was less than $25,000.[2] Thus, it is a civil action for the recovery of money in which the sum demanded does not exceed $25,000 and, therefore, subject to the procedure denoted by chapter 517.[3] *See* § 517.011.1(1).

This case proceeded to trial on September 27, 2002. During trial when plaintiff's attorney advised the trial court that he had requested attorney fees and recited the amount of fees "prior to this trial," the following colloquy occurred:

THE COURT: Do you have it itemized?

[PLAINTIFF'S ATTORNEY]: I can provide the Court with an affidavit.

THE COURT: I would prefer that.

Plaintiff's attorney asked if he could submit the affidavit "on Monday." Plaintiff's attorney said he would "get it out of [his] office on Monday."[4] The trial court responded, "That's fine." The September 27, 2002, docket entry concluded with the sentences, "Plaintiff to submit additional evidence re attorney fees & brief certain points of law. Court directs either side has opportunity to file proposed judgments. Case taken under advisement." The legal file reflects no further action in the case until November 1 and November 4, 2002. Docket entries reflecting those dates note, respectively, "Court receives 4 page fax from [defendants' attorney] to include Defendant's [sic] proposed judgment & order. Documents are filed. /s/ CH," and "Court receives letter, Affidavit of [plaintiff's attorney], & Lami Wood Products Post–Trial Brief. Documents are filed. /s/ CH[.]" On December 30, 2002, judgment was entered for defendants.

Section 517.111.2 provides, with respect to cases tried pursuant to chapter 517 procedures, "When a case is tried before a judge without a jury, judgment shall be entered by the judge within thirty days

1. The briefs of plaintiff (as appellant) and defendants (as respondents) erroneously characterize this appeal as an "appeal from the Associate Circuit Court" of Laclede County. As pointed out "as emphatically as we know how," in *Robinson v. Lohman*, 949 S.W.2d 907, 910 (Mo.App.1997), "[T]here is no 'associate circuit court' in the Missouri court system!" This is exhaustively explained in *Robinson, supra*, at 910–12. This appeal is from the Circuit Court of Laclede County. It is an appeal of a case tried before an associate circuit judge.

2. The petition sought damages, exclusive of interest, of $14,798.25 together with an unspecified amount of attorney fees. (Plaintiff's trial counsel stated that his fees, based on a billing of $135 per hour, amounted to $2,852 "prior to this trial.") The petition is in two counts. Each count pleads an alternative remedy.

3. References to statutes are to RSMo 2000.

4. This court judicially notices that the trial date, September 27, 2002, was a Friday; that the following Monday would have been September 30, 2002.

after the case is submitted for final decision unless the parties consent to a longer period of time." The record on appeal does not reflect that the parties consented to a period of time longer than that provided by § 517.111.2. The record does reflect that here, as in *Air Evac, EMS, Inc. v. Palen*, 113 S.W.3d 234 (Mo.App.2003), the parties were granted time following trial in which to submit additional material to the court. Following the reasoning in *Air Evac* this resulted in the case not being submitted to the trial court on the day of trial.

Here, however, unlike in *Air Evac*, the date when the additional material was provided to the trial court is evident. The last of the items provided was submitted to the trial court November 4, 2002. Thus, the case was submitted to the trial court November 4, 2002. The purported judgment was entered December 30, 2002, more than 30 days following submission of the case. Those being the circumstances before this court, the purported judgment is void.[5] *Francis v. Richardson*, 951 S.W.2d 365, 366 (Mo.App.1997); *Kamp v. Grantham*, 937 S.W.2d 258, 259 (Mo.App. 1996). Since the trial court lacked authority to grant relief after the expiration of 30 days, this court acquired no jurisdiction to review the purported judgment entered after that date on its merits. *State v. Ortega*, 985 S.W.2d 373, 374 (Mo.App. 1999).

Appropriate disposition of cases where the foregoing has occurred is to dismiss the appeal and remand the case to the associate circuit judge division of the court from which it came to permit the associate circuit judge who heard the case to enter a new judgment. As explained in *Francis*,

however, in the event the trial judge who entered the void judgment is no longer judge of the associate circuit judge division of that circuit court, the successor of the former associate circuit judge must set aside all entries made concerning the purported judgment and grant the parties a new trial. 951 S.W.2d at 366.

The record on appeal reflects that this case was tried by the Honorable Christine Hutson, Associate Circuit Judge of Laclede County, Missouri. This court judicially notices that the 2003–2004 Official Manual of the State of Missouri reflects Judge Hutson is not now serving in that office. The appeal is, therefore, dismissed. The case is remanded with directions that the successor associate circuit judge to Judge Hutson set aside all entries in the case from and after September 27, 2002, and grant a new trial.

SHRUM, J., and RAHMEYER, C.J., concur.

---

**5.** *See B.C. National Banks v. Potts*, 30 S.W.3d 220 (Mo.App.2000), for a comprehensive discussion of the history of chapter 517. Although the previous limitation on the amount in dispute in cases heard by associate circuit

judges, absent special assignments, has been repealed, remaining procedural limitations remain. *B.C. National* suggests what remains of chapter 517 is an expedited procedure for certain categories of claims. *Id.* at 222.