**Isidore SPINO, Appellant,**

v.

**Atitbhai BHAKTA, Respondent.**

**Nos. WD 64245, WD 64260.**

Missouri Court of Appeals,
Western District.

Nov. 1, 2005.

James H. Thompson, Jr., Gladstone, for Appellant.

Timothy Joseph Mudd, Kansas City, for Respondent.

RONALD R. HOLLIGER, Judge.

Both parties appeal from a $25,000 reinstated default judgment in favor of Isidore Spino. Spino filed suit against Atitbhai Bhakta under Chapter 517 seeking damages for injuries sustained in a car accident. Bhakta failed to appear on the return date specified in the summons and default judgment was taken against him. After his first motion to set aside the judgment was denied by rule, Bhakta filed a post-final judgment motion seeking to have the default judgment vacated asserting the same basis as in his motion to set aside. The court granted that motion and a jury returned a verdict for Bhakta. The trial court then set aside the verdict and reinstated the default judgment but reduced it to $25,000. Because the trial court was barred from setting aside the default judgment by the doctrine of *res judicata*, and the limit a party can collect in a Chapter 517 action is $25,000, we find that the trial court reached the correct result and affirm the decision.

### Facts and Procedural History

Spino's personal injury lawsuit was filed in the associate division pursuant to Chapter 517 and did not request a specific amount of monetary damages. Spino eventually obtained service of summons on Bhakta, but neither Bhakta nor his attorney appeared on the return date of June 5, 2002. After Spino presented evidence, a default judgment was entered against Bhakta for $112,750. Within thirty days Bhakta moved under Rule 74.05 to have the default judgment set aside. On September 4, 2002, the trial court conditionally set aside the default judgment while expressing reservations about doing so, however, because Bhakta's factual assertions in his motion were not sufficiently verified. The order was conditioned on Bhakta paying $900 in attorney's fees to Spino within five days. On September 9, 2002, Bhakta attempted to mail a $900 insurance draft to Spino's attorney, but it was misaddressed. On September 13, 2002, Bhakta filed a "Request for Hearing on Plaintiff's Refusal to Accept Attorney's Fees and

Suggestions in Support." On the 91st day after the initial motion to set aside was filed, the trial court held a hearing and entered an order denying Bhakta's motion that same day.

On October 18, 2002, Bhakta filed a new Motion to Vacate the default judgment and to grant him additional time in which to comply with the September 4th, 2002, order to pay attorney's fees. That motion was filed pursuant to Rules 74.05 and 74.06 and was accompanied by an affidavit and numerous exhibits. On October 30, 2002, the trial court granted that motion and vacated the default judgment.

Subsequently, a jury trial was held and the jury returned a verdict in favor of Bhakta. Spino filed a motion for judgment notwithstanding the verdict and the trial court then set aside the verdict and the October 30, 2002, order and reinstated the default judgment reducing the award to $25,000. Both parties appeal. Because of the procedural complexity of this case, a timeline is useful. The relevant dates are as follows:

| | |
|---|---|
| 09–27–01 | Petition filed by Spino |
| 05–09–02 | Alias summons served on Bhakta |
| 06–05–02 | Default Judgment entered |
| 06–27–02 | Bhakta's Motion to Set Aside default judgment under Rule 74.05 |
| 09–04–02 | Judgment conditionally set aside upon paying of attorney's fees |
| 09–15–02 | Bhakta requests hearing on plaintiff's refusal to accept check |
| 09–25–05 | 90th day after filing of Motion to Set Aside |
| 09–26–02 | Hearing on refusal to accept attorney's fees and Order denying Motion to Set Aside |
| 10–18–02.1 | Bhakta's Motion to Vacate default judgment pursuant to Rules 74.05 and 74.06 |
| 10–30–02 | Default Judgment Set Aside |
| 02–20–04 | Judgment entered on jury verdict |
| 05–25–04 | Order setting aside the jury verdict and reinstating default judgment |

## I

Bhakta first argues that the trial court erred in sustaining Spino's motion for JNOV and entering an order setting aside the jury verdict and reinstating default judgment. Bhakta argues that the trial court was without jurisdiction to reinstate the default judgment because the trial court's October 30, 2002, order became a final and appealable judgment thirty days later and Spino waived any right to relief from that order by failing to file a timely notice of appeal.

Spino doesn't respond to Bhakta's argument directly, but instead attacks the October 30, 2002, order as entered without jurisdiction. He argues that the October 30 order granted a motion (Bhakta's October 18, 2002, Motion to Vacate Default Judgment) filed more that 90 days after Bhakta's initial Motion to Set Aside the default judgment. Spino asserts that the trial court did not have continuing jurisdiction to enter the October 30 order setting aside the default judgment because it was entered over 90 days after Bhakta's first motion to set the judgment aside was filed and thereby automatically denied. Rule 78.06. He contends that once Bhakta's initial Motion became final at the expiration of 90 days (September 25, 2002) Bhakta's only option was to appeal within 10 days, which he did not. Therefore, Spino claims, the trial court properly reinstated the original default judgment as it had lost jurisdiction to set it aside.

**The Trial Court had the authority to entertain, but not to grant, Bhakta's October 18, 2002, Motion to Vacate the Default Judgment**

We first take up Spino's argument that the trial court had no jurisdiction to enter the October 30, 2002, order because it granted a motion filed after the default judgment became final and thereby untimely. Spino asserts that the trial court has no jurisdiction to grant motions after a final judgment.

A defaulting party's Rule 74.05(d) motion to set aside a default judgment filed before the underlying default judgment has become final is treated for purposes of appeal as an authorized after-trial motion and is deemed the equivalent of a motion for new trial, thereby extending the trial court's control over the default judgment to 90 days from the day the motion is filed. *McElroy v. Eagle Star Group, Inc.*, 156 S.W.3d 392, 399 (Mo.App. 2005). If not ruled upon within 90 days of filing the motion, the motion is deemed denied and the judgment becomes final. *Klaus v. Shelby*, 4 S.W.3d 635, 637 (Mo. App.1999); Rule 78.06. After the judgment becomes final on the 90th day, notice of appeal must be filed within ten days or it is untimely. *Budd v. Budd*, 157 S.W.3d 229, 230 (Mo.App.2004); Rule 81.04. Additional motions filed after the judgment becomes final do not extend the jurisdiction of the trial court. *Dangerfield v. City of Kansas City*, 108 S.W.3d 769, 773 (Mo. App.2003) (overruled on other grounds).

In this case the 90th day after Bhakta filed his Motion to Set Aside the default judgment was September 25, 2002, and, thus, the judgment became final on that day. With the above rules in mind, Spino argues that the trial court no longer had jurisdiction to entertain any other motions. Spino asserts that Bhakta's October 18, 2002, Motion to Vacate Default Judgment was, in essence, a motion to reconsider his original motion to set aside and could not serve to extend the jurisdiction of the trial court.

We agree that the default judgment became final on the 90th day after Bhakta filed his original motion to set aside the default judgment. The trial court was without jurisdiction to grant *that* motion after the 90th day. Bhakta's October 18, 2002, Motion to Vacate, however, was an entirely different motion (one permitted to be filed after a final judgment) that the trial court, generally, would not need a jurisdictional extension to grant. Bhakta's October 18, 2002, Motion to Vacate was filed under both Rule 74.05 and 74.06. A Rule 74.05(d) "motion to set aside default filed *after* the default judgment has become final is an independent action, and the circuit court's judgment to grant or to deny that motion is independent of the underlying judgment." *Hutchison v. Vandenburg*, 90 S.W.3d 229, 231 (Mo.App.2002) (emphasis added).[1] Similarly, the trial court is free to treat a motion filed pursuant to Rule 74.06 as an independent action in equity if its substance is "sufficient to invoke the equitable powers of the court." *State ex rel. Div. of Child Support Enforcement v. Hill*, 53 S.W.3d 137, 144 (Mo.App.2001).

As such, for the purposes of the trial court's decision on Bhakta's October 18 motion, it matters little whether trial court retained jurisdiction over the default judgment because the court could treat the motion as an independent action in equity. *See Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo. banc 1985). Although the trial court

---

1. We need not consider the propriety of filing successive Rule 74.05(d) motions both before and after final judgment since the motion also sought relief under Rule 74.06.

lost jurisdiction over the default judgment when it became final on the 90th day after the original motion was filed, the default judgment remained susceptible to collateral attack under Rule 74.06. Thus, the trial court had the authority to entertain Bhakta's October 18, 2002, Motion to Vacate because it could properly be treated as an independent action in equity.

■ Although the trial court had the authority to entertain Bhakta's October 18, 2002, motion as an independent action in equity, the trial court erred in granting it because the issues raised were barred by the doctrine of *res judicata*. Spino argued in her response to Bhakta's second motion requesting relief from the default judgment, and here on appeal, that the second motion raised no new issues not previously decided by the court in Bhakta's initial motion to set aside. *Res judicata* prevents a party from re-litigating issues judicially determined in a previous action, even when the judgment was entered by default. *State ex rel. Family Support Div. v. Stovall–Reid,* 163 S.W.3d 519, 521–22 (Mo. App.2005). *Res judicata* only applies after a final judgment has been rendered. *Dilallo v. City of Maryland Heights,* 996 S.W.2d 675, 677 (Mo.App.1999). An independent action in equity cannot be used to raise issues already litigated prior to a final judgment, thus, evading the effect of *res judicata. Penney v. Ozark Mountain* *Country Mall, Inc.,* 738 S.W.2d 137, 139–140 (Mo.App.1987).[2]

■ Bhakta's October 18, 2002, Motion to Vacate the default judgment raised identical issues to those raised in his initial motion to set aside: namely that the judgment should be set aside because Bhakta's attorney missed the return date by mistake, and that Bhakta's attorney failed to comply with the court's conditional order because he mistakenly mailed the check for attorney's fees to the wrong address. The initial motion to set aside was deemed denied when the trial court failed to rule before the 90th day. Rule 78.06. These issues, once raised by previous motion, cannot be relitigated even in an independent action in equity thus avoiding the effect of *res judicata.*[3]

This precise issue has been discussed and decided. *See Penney,* 738 S.W.2d 137. In *Penney,* an interlocutory default judgment was entered against the defendant. *Id.* at 138. The defendant then moved to have the default judgment set aside and was overruled. *Id.* After the default judgment became final, the defendant then moved under former Rule 74.32[4] to have the default judgment vacated asserting the same basis alleged in the first motion to set aside. *Id.* at 139. The Court found that the second motion was barred by the doctrine of *res judicata* because it asserted the same basis that had been previously

---

**2.** *Compare Sanders v. Insurance Co. of North America,* 904 S.W.2d 397, 401 (Mo.App.1995) ("to the extent that [claimant] has properly pleaded an independent action in equity to set aside a judgment for fraud on the court, *res judicata* and collateral estoppel have no bearing on the case"). Bhakta has not pleaded fraud on the court in his second motion, however. *Instead he seeks the same relief as his first Motion to Set Aside.*

**3.** It should be noted that *res judicata* cannot be asserted to preclude a claim until a final judgment is rendered in the case one is using

to assert *res judicata. Century Fire Sprinklers, Inc. v. CNA/Transp. Ins., Co.,* 87 S.W.3d 408, 424 (Mo.App.2002). Similarly, one could not assert *res judicata* within the same case, even after it is appealed and remanded. That is not the situation here, however, as *res judicata* does apply to issues previously decided by a final judgment and later attacked by a collateral proceeding.

**4.** Rule 74.32 was repealed in 1988 and superceded by Rule 74.06. *Buford v. Ray,* 950 S.W.2d 666, 667 (Mo.App.1997); *Abbadessa v. Tindall,* 814 S.W.2d 673, 676 (Mo.App.1991).

denied prior to the judgment becoming final. *Id.* at 140.

Similarly, here Bhakta asserted in his post-final judgment motion the same basis for relief previously denied. The doctrine of *res judicata* precludes him from making such an assertion. Bhakta directs us to two cases that allegedly support his claim that, after an initial denial of a motion to set aside, it is permissible to raise identical issues through an independent action in equity. *See Mullins v. Mullins,* 91 S.W.3d 667 (Mo.App.2002), and *Thompson v. St. John,* 915 S.W.2d 350 (Mo.App.1996). However, in *Mullins,* only one motion was filed requesting relief from a default judgment, *Mullins,* 91 S.W.3d at 668–69, and in *Thompson,* the latter action in equity raised different issues than the initial motion to set aside (that the judgment was irregular). *Thompson,* 915 S.W.2d at 355–56. As such, neither case is applicable to the facts of this case.

■ The trial court erred in granting Bhakta's October 18, 2002, motion to vacate the default judgment, an error that it corrected (albeit for a different reason) when it reinstated the default judgment after trial. Thus, the trial court did not err in setting aside the jury verdict and reinstating default judgment. Bhakta's Point on appeal asserting the opposite is denied.

## II

Having found no error in the trial court's decision to reinstate the default judgment, the only disputed issue remaining is whether the trial court erred in reducing the default judgment to $25,000. Preliminarily, we address whether the trial court had jurisdiction to reduce the amount of the default judgment as op-

posed to merely reinstating it in its original amount. A proper resolution of this issue requires a discussion of the trial court's authority over judgments in relation to when judgments become final.

■ When a motion to set aside a default judgment is made and granted *prior* to the judgment becoming final, the ruling is interlocutory in nature and does not constitute a final judgment; a trial on the merits may follow. *Estes v. Norwest Mortgage, Inc.,* 125 S.W.3d 322, 323 (Mo. App.2003). Thus, "[a]n appeal will not lie from an order setting aside a default judgment within thirty days after entry of judgment because during the thirty-day period, a default judgment is within the breast of the court and not yet final." *Grooms v. Grange Mut. Cas. Co.,* 32 S.W.3d 618, 620 (Mo.App.2000) (internal quotation marks omitted).

■ However, in this case, Bhakta's Motion to Vacate was filed and granted by the trial court *after* the default judgment became final.[5] As discussed above, when a motion to set aside is filed after the default judgment has become final, "it is treated as an independent proceeding, separate and apart from the underlying judgment. The independent nature of this proceeding requires the entry of a new final judgment to invoke appellate jurisdiction." *Am. Std. Ins. Co. v. Bittick,* 112 S.W.3d 55, 57 (Mo. App.2003) (citations and internal quotation marks omitted). In such a case, the trial court's order granting or denying the motion to set aside the default judgment is itself a separately appealable final judgment assuming that all other prerequisites of appellate jurisdiction and finality are met. *Popular Leasing USA, Inc. v. Universal Art Corp. of N.Y.,* 57 S.W.3d 875,

---

**5.** The default judgment became final by rule on the 90th day after the trial court failed to rule upon the motion to set aside (September 25, 2002). Rule 78.06. Bhakta's Motion to Vacate was filed on October 18, 2002, and granted on October 30, 2002.

878 (Mo.App.2001). "[T]he trial court's power to modify a judgment ceases when the judgment becomes final." *SD Invs., Inc. v. Michael–Paul, L.L.C.*, 157 S.W.3d 782, 786 (Mo.App.2005).

Thus, if the Order granting Bhakta's Motion to Vacate qualified as a final judgment, then the trial court was without jurisdiction to modify it and necessarily erred in reducing the amount of the default judgment. The order was not a final judgment, however, because all qualities of a final judgment were not met in that the order setting aside the default judgment was not denominated a "judgment."

To qualify as a final judgment in a civil case, Rule 74.01(a) mandates that a trial court expressly denominate its ruling as a "judgment." *Peet v. Randolph*, 103 S.W.3d 872, 875 (Mo.App.2003). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). No such denomination appears on the trial court's October 30, 2002, order setting aside the default judgment.[6] The document is simply titled an "Order." At the end of the document above the Judge's signature appears the phrase: "IT IS SO ORDERED, ADJUDGED AND DE-CREED." This does not qualify as a final judgment under Rule 74.01. *See McDonald v. Lohman*, 961 S.W.2d 126, 127 (Mo.App.1998) (document which was denominated an "Order" and which ended with a recitation "orders, adjudges, and decrees" was not a final judgment).

■ Finding that the trial court retained jurisdiction to modify the amount of the reinstated default judgment, we now address whether it was indeed correct in doing so. The trial court reduced the amount of the judgment on the basis that Spino's action was filed under Chapter 517 and, thus, limited to $25,000 pursuant to section 517.110. Since this case was filed under Chapter 517, the case was handled by the associate division of the circuit court. Spino claims that the trial court erred in reducing the amount of the judgment because the legislature has granted to the associate circuit division concurrent original jurisdiction over all cases with no monetary limitations. Bhakta asserts, conversely, that all actions brought pursuant to Chapter 517 are limited to no more than $25,000, and the trial court, therefore, had no authority to enter judgment for more than such amount.

Section 478.220 outlines the jurisdictional authority of the associate circuit division and provides, essentially, that associate circuit judges have concurrent original jurisdiction of all cases heard by circuit court judges. *B.C. Nat'l Banks v. Potts*, 30 S.W.3d 220, 222 (Mo.App.2000). It states in relevant part: "Circuit judges *and associate circuit judges* may hear and determine all cases and matters within the jurisdiction of their circuit courts...." Section 478.220, RSMo 2000 (emphasis added). Spino points to the wording of section 478.220 and asserts that the plain language of the statute authorizes associate circuit divisions to enter judgment in excess of $25,000 because their jurisdiction is equivalent to the circuit court. Spino asserts that no monetary limitation on the associate circuit division's subject matter jurisdiction exists. Spino is correct in that associate circuit judges are no longer burdened with any monetary limitation on their subject matter jurisdiction. Spino,

6. Neither is there a docket entry indicating that the court's order of October 30, 2002, was a "judgment."

however, misunderstands the procedural effect of filing a lawsuit under Chapter 517. Section 517.011 provides in relevant part:

The provisions of this chapter shall apply to the practice and procedure in civil cases originally filed before associate circuit judges in hearing and determining the following cases or classes of cases:

(1) Except as otherwise provided by law, all civil actions and proceedings for the recovery of money, whether such action be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, when the sum demanded, exclusive of interest and costs, does not exceed twenty-five thousand dollars[.]

Section 517.011, RSMo 2000. As stated, Spino is correct that there is no jurisdictional limitation regarding the amount the associate circuit division is authorized to enter by judgment. Section 478.220, RSMo 2000. However, while a jurisdictional monetary limitation of the associate circuit division does not exist, a monetary procedural limitation on cases filed pursuant to Chapter 517 does. In other words, the monetary distinction between associate circuit divisions and circuit divisions is alive but it is not jurisdictional. The distinction lies not with what kind of division the litigants are in but, rather, what kind of action was filed. If it is filed under Chapter 517, then the recovery limit is $25,000. This procedural limitation has nothing to do with the subject matter jurisdiction of the associate circuit division, which has the authority to hear cases where the disputed amount is in excess of $25,000; just not if the case was filed pursuant to Chapter 517.

Here it is undisputed that Spino's action was filed pursuant to Chapter 517. Recovery in an action filed under Chapter 517 is limited to $25,000. Section 517.011, RSMo 2000. Relief granted on a default judgment may not be greater than the amount demanded through the original pleadings as originally filed and served upon the defendant. *Kocsis v. Kocsis,* 28 S.W.3d 505, 509 (Mo.App.2000). Here, the maximum amount available under Chapter 517 was $25,000 and, thus, the trial court did not err in reducing the amount of the default judgment accordingly.

The judgment is affirmed.

ROBERT G. ULRICH, Judge, and JOSEPH M. ELLIS, Judge, concur.