Carolynne M. KIEFFER, Appellant,

v.

Jennifer ICAZA, Ramiro Icaza and Dianne Icaza, Respondents.

No. ED 91742.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 6, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 2009.

Carolynne M. Kieffer, St. Louis, MO, pro se.

Kenneth C. McManaman, Cape Girardeau, MO, for respondents.

PATRICIA L. COHEN, Judge.

### Introduction

Carolynne Kieffer (Plaintiff) appeals *pro se* from the judgment of the Circuit Court of the City of St. Louis in favor of Jennifer Icaza, Ramiro Icaza and, Dianne Icaza (Defendants). Plaintiff claims that the trial court erred in: (1) denying her motion for jury trial, and (2) entering its judgment more than thirty days after the case was taken under submission rendering the judgment void. Finding the judgment void, we remand.[1]

### Background

In July 1998, Plaintiff and Defendant entered into a lease agreement for a residence to be used by Jennifer Icaza. On September 16, 2005, Plaintiff filed a petition for breach of contract and property damage against Defendants claiming that Defendants had breached the terms of the lease and had committed waste on the property. Defendants were served with process, and the return date of the summons was August 9, 2006. Defendants filed a counterclaim against Plaintiff on July 10, 2007.

The cause was scheduled for a bench trial on February 13, 2008, a Wednesday. On February 8, 2008, the Friday before trial, Plaintiff filed a motion for jury trial and sent copies of the motion via facsimile and mail to one of Defendants' two attorneys of record. On February 13, 2008, the trial court denied Plaintiff's motion for jury trial on the grounds that "the motion was improperly filed and that [Plaintiff] did not send a copy of that motion to both of the counsels that were listed as counselors for the Defendants in this case." That same day, the trial court held a bench trial as scheduled, and at the close of the evi-

dence, the trial court took the case under submission.

After the trial, Plaintiff submitted additional exhibits on February 14, 2008 and a motion for a mistrial on March 6, 2008. On May 29, 2008, the trial court entered a judgment and ruled in favor of Defendants on Plaintiff's petition and in favor of Plaintiff on Defendants' counterclaim. Plaintiff appeals.

### Standard of Review

This court will affirm the circuit court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

### Discussion

Because Plaintiff's second point is dispositive, we consider it first. In her second point, Plaintiff contests the validity of the trial court's judgment contending that the trial court erred in entering its May 29, 2008 judgment more than thirty days after it took the case under submission in violation of Section 517.111.2 RSMo (2000), which provides that "[w]hen a case is tried before a judge without a jury, judgment shall be entered by the judge within thirty days after the case is submitted for final decision unless the parties consent to a longer period of time."[2] A purported judgment entered in violation of Section 517.111.2—i.e., after expiration of thirty days after the case is taken under submission and without the consent of the parties—is void. *Lami Wood Prod's. Corp. v. Woodlands Group at Key Harbor L.L.C.,* 129 S.W.3d 11, 13 (Mo.App. S.D. 2003).

---

1. Defendants' motion to dismiss is denied.

2. The parties agree that this case is governed by Ch. 517 RSMo.

■ While conceding that the judgment was not entered within Section 517.111.2's thirty-day time period, Defendants nevertheless argue that because Plaintiff continued to file documents and motions with the trial court after the case was taken under submission she "constructively consented to an extended period of time for the court to enter its judgment." Defendants, however, cite no authority and we likewise find none holding that a party who files additional materials after the date of the trial "constructively consents" to an extended period of time for the trial court to enter its judgment. At most, we recognize that some cases have held that when a trial court accepts additional material after the trial, the case is deemed submitted on the last day the court receives such material. *See Lami Wood Prod's. Corp,* 129 S.W.3d at 13; *Air Evac, EMS, Inc. v. Palen,* 113 S.W.3d 234, 237 (Mo.App. E.D.2003). Even adopting this approach, however, we find Defendant's argument unavailing because Plaintiff's last filing with the trial court was a motion for a mistrial on March 6, 2008, well over thirty days before the trial court's May 29, 2008 judgment.

■■ Defendants additionally contend that Rule 78.06 extended the trial court's time to enter a judgment because Plaintiff filed a post-trial motion for a mistrial. Defendant's argument misconstrues Rule 78.06. Rule 78.06 provides:

> Any motion for new trial, motion to amend the judgment or opinion, or motion for judgment notwithstanding the verdict is overruled for all purposes if

the trial court does not rule on it within ninety days after the date the last such timely motion is filed.

Rule 78.06 prescribes the time in which a trial court must rule on certain timely filed after-trial motions. *Carson v. Brands,* 7 S.W.3d 576, 578–79 (Mo.App. S.D.1999). Rule 78.06 does not extend Section 517.111.2's thirty-day period in which a trial court must enter a judgment after the case is taken under submission.[3]

Because the trial court entered its judgment more than thirty days after it took the case under submission and without the consent of the parties, the judgment is void. We therefore do not reach Plaintiff's first point on appeal challenging the trial court's denial of her motion for jury trial on the grounds that her motion was improperly filed and she failed to serve her request for a jury trial on both lawyers representing Defendants.[4]

### *Conclusion*

The case is remanded to the circuit court with directions that the judge who rendered the purported May 29, 2008 judgment shall set a date on which he shall enter an order setting aside the May 29, 2008 judgment, treat the case as finally submitted on said new date, and enter such judgment as he shall deem proper within the period prescribed by Section 517.111.2. *See In re Estate of Shaw,* 256 S.W.3d 72, 77 (Mo. banc 2008); *Lami Wood Prod's. Corp. v. Woodlands Group*

---

3. Moreover, in the absence of a final judgment, Rule 78.06 is not applicable. *Gipson v. Fox,* 248 S.W.3d 641, 644 (Mo.App. E.D. 2008).

4. While we do not reach this point, we note that the record demonstrates that Plaintiff failed to file her motion within five days of the

date set for trial. Section 517.091.1 RSMo (2000); Rule 44.01(a). We also note that Rule 43.01 states that "[w]hen a party is represented by more than one attorney, service may be made upon any such attorney." Therefore, Plaintiff was not required to serve her jury trial request on both of Defendants' attorneys.

*at Key Harbor L.L.C.,* 129 S.W.3d 11, 13 (Mo.App. S.D.2003).

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., concur.