**Robert D. CAIN, et al., Respondents,**

v.

**Sherri PORTER, Appellant.**

**No. WD 69615.**

Missouri Court of Appeals,
Western District.

March 29, 2010.

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

John Richard Weist, Jefferson City, for appellant.

James H. Thompson, Jr., North Kansas City, MO, for respondents.

Before ALOK AHUJA, P.J., THOMAS H. NEWTON, C.J., and HAROLD L. LOWENSTEIN, J.[1]

---

1. Judge Lowenstein was a member of the Court when this appeal was submitted, but has since retired.

This Court originally decided this appeal in an opinion issued on September 15, 2009. That opinion was authored by Judge Ahuja with Chief Judge Newton concurring; Judge Lowenstein dissented. The Missouri Supreme Court granted transfer on December 22, 2009. No. SC90511. On March 23, 2010, the Supreme Court retransferred the case to this Court. Pursuant to article V, § 7 of the Missouri Constitution, Chief Judge Newton and Judge Ahuja have determined to reissue the opinion previously issued on September 15, 2009, with minor clerical revisions, as the opinion of the Court. Although Judge Lowenstein is no longer a member of the Court, in the interest of completeness the dissenting opinion Judge Lowenstein filed on September 15, 2009, is attached as an Appendix to this opinion.

ALOK AHUJA, Judge.

Sherri Porter appeals from the trial court's judgment denying her Rule 74.06(b) motion, which sought relief from what Porter contended was a void judgment. The trial court held that Porter was precluded from reasserting the issues raised in her current motion, because she had raised the same issues in an earlier motion, lost, and appealed, but failed to prosecute her appeal from the earlier adverse ruling to a conclusion. We affirm.

## Factual Background

In November 2000, Sherri Porter rear-ended a truck driven by Robert Cain in which his wife, Elizabeth Cain, was a passenger. In March 2004, Porter filed for Chapter 13 bankruptcy protection. In August 2005, during the pendency of the bankruptcy proceeding, Robert and Elizabeth Cain filed a personal injury petition naming Porter as the defendant. Porter filed an answer and amended her schedule of creditors to include the Cains.

At some point between October 2005 and September 2006, the Cains' trial counsel met with Porter's bankruptcy attorney to draft a stipulation under which the automatic stay, which became effective when Porter filed for bankruptcy in 2004, would be lifted, but only to the extent of Porter's insurance coverage on her vehicle. The stipulation was drafted and signed by Porter, but the Cains' counsel never filed the stipulation with the bankruptcy court, with the result that the stay was never lifted.

The case was tried on September 11, 2006. The Cains appeared with counsel. Neither Porter nor her counsel appeared. The trial court took evidence from the Cains and entered judgment against Porter in the amount of $200,100.24.

Porter moved to set aside the judgment. The trial court denied the motion on November 17, 2006. Porter filed a motion to reconsider on November 30, 2006, in which she asserted, for the first time, that the trial court was without subject matter jurisdiction to enter judgment because the automatic stay in bankruptcy had not been lifted. The trial court denied the motion on March 13, 2007. Porter filed an appeal, but later dismissed it.

Instead, on April 13, 2007, Porter filed a new motion pursuant to Rule 74.06(b)(4), arguing that the judgment was void because it was entered in violation of the automatic stay in bankruptcy. The trial court denied the motion, on the basis that it raised the same issues as Porter's earlier motion for reconsideration. The trial court also held that, by her conduct, Porter had waived her right to rely on the bankruptcy stay. This appeal follows.

## Analysis

■ If the issue had been properly preserved, we might well conclude that Porter's bankruptcy filing prevented the circuit court from proceeding in this personal injury action, and that the resulting judgment entered by the circuit court is void. Even if this issue is properly characterized as one of "subject-matter jurisdiction," however, Porter is allowed one—and *only* one—opportunity to litigate it. Because Porter previously litigated this issue, lost, appealed, and then abandoned her appeal, she was precluded from raising the issue a second time by filing her present Rule 74.06(b) motion.

The trial court denied Porter's motion to set aside the judgment, which is the subject of this appeal, based on its determination that the motion raised the same issues Porter had raised in an earlier motion for reconsideration. After the court denied that earlier motion, Porter appealed, but subsequently dismissed her notice of appeal in favor of the motion at issue here.

Notably, the first issue identified in the Civil Case Information Form supplementing Porter's earlier notice of appeal is identical to the issue she raises now: "Did the trial court have subject matter jurisdiction to enter a default judgment in favor of the plaintiffs and assessing damages against the defendant when the case was subject to the automatic stay provision of the bankruptcy code?" At oral argument, Porter's counsel stated that he dismissed the earlier appeal because he believed he could make a better record in a new Rule 74.06(b) motion, by having Porter submit an affidavit and testify, and providing additional documentation to the circuit court from the bankruptcy proceeding. Counsel admitted that the additional evidence submitted in connection with his Rule 74.06(b) motion would have been available in connection with the earlier motion to reconsider.

While a Rule 74.06(b) motion may commence an independent action, and result in a separately appealable judgment,[2] this Court has previously held that preclusion principles can apply to bar a party from raising arguments in a Rule 74.06(b) motion, where that party has previously raised the identical arguments prior to the entry of final judgment in the underlying action. *Spino v. Bhakta,* 174 S.W.3d 702, 707–08 (Mo.App. W.D.2005). We believe this principle requires affirmance of the circuit court's judgment here.[3]

█ The fact that the effect of the bankruptcy stay may be jurisdictional, or quasi-jurisdictional, does not alter this conclusion.[4] It is well established that a litigant cannot waive defects in subject matter jurisdiction, and therefore is guaranteed *one* opportunity to raise such issues; however, nothing gives a litigant a right to repeatedly raise the same arguments—even if jurisdictional—in perpetuity. As the United States Supreme Court has observed, "[t]his Court has long recognized that '[t]he principles of *res judicata* apply to questions of jurisdiction as well as to other issues.'" *Underwriters Nat'l Assur. Co. v. North Carolina Life & Accid. & Health Ins. Guar. Ass'n,* 455 U.S. 691, 706, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982) (citation omitted).

█ Missouri courts apply preclusion principles to issues of subject matter jurisdiction. Thus, in *Allison v. Allison,* 253

---

2. *See, e.g., Baxi v. United Technologies Automotive Corp.,* 122 S.W.3d 92, 95 (Mo.App. E.D.2003); *Yanuzzi v. Director of Revenue,* 14 S.W.3d 618, 619 (Mo.App. E.D.1999).

3. Porter's motion for reconsideration, which was filed after the circuit court had denied her timely-filed post-judgment motion(s), should arguably itself have been treated as a motion under Rule 74.06(b). *See, e.g., Lake Osage Condo. Ass'n v. Prewitt,* 179 S.W.3d 331, 335 (Mo.App. S.D.2005) (motion to set aside default judgment filed after underlying judgment becomes final is treated as an independent proceeding seeking relief from judgment); *Spino v. Bhakta,* 174 S.W.3d 702, 706 (Mo.App. W.D.2005). This does not alter the result, however: whether the earlier motion was filed during the pendency of the underlying personal injury action, or instead as a Rule 74.06(b) motion which commenced an independent action, the fact remains that Porter previously litigated the same arguments she seeks to raise now.

4. Cases hold that, "[w]hen a debtor appears and defends a suit on any basis other than application of the automatic stay, the debtor is deemed to have waived the automatic stay as to that particular action." *In re Hoskins,* 266 B.R. 872, 879 (Bankr.W.D.Mo.2001) (citing *In re Cobb,* 88 B.R. 119, 121 (Bankr. W.D.Tex.1988)); *see also In re Uhrig,* 306 B.R. 687, 694 (Bankr.M.D.Fla.2004). This principle would cut against treating the issue as one of subject matter jurisdiction. While we do not rely on these cases here, we note that in this case Porter filed an answer to the Cains' petition, and a motion to set aside the judgment, after the filing of her bankruptcy petition, and without asserting the bankruptcy stay in either document.

S.W.3d 91 (Mo.App. S.D.2008), the Southern District barred a mother from raising subject matter jurisdictional objections to an earlier dissolution decree by way of a motion for relief under Rule 74.06(b), where the decree had itself determined that subject matter jurisdiction existed. The court held that " '[w]hen the question of subject matter jurisdiction has been fully litigated in the original forum, the issue cannot be retried in a subsequent action between the parties.' " *Id.* at 94 (citation omitted). Although *Allison* acknowledged mother's right to file an independent action under Rule 74.06(b) to assert a jurisdictional defect, "[s]uch a motion cannot be used to evade the effects of res judicata and collateral estoppel." *Id.* (citing *Spino,* 174 S.W.3d 702). The court concluded:

> Because Mother, after having a full and fair opportunity to litigate the issue, did not appeal the dissolution court's judgment of dissolution in which it found it had subject matter jurisdiction, the dissolution judgment is final and collateral estoppel precludes her from relitigating the issue of the dissolution court's subject matter jurisdiction in her Rule 74.06 motion to set aside the judgment.

*Id.* Similarly, it is well-established under Missouri law that a party who litigates an issue of subject matter jurisdiction in a foreign forum, and loses, cannot seek to relitigate the issue when the adverse party seeks to enforce the foreign judgment here. *See, e.g., Miller v. Dean,* 289 S.W.3d 620, 624 (Mo.App. W.D.2009) ("Where a party raises the issues of personal and subject matter jurisdiction in the foreign state and those issues are litigated, the foreign court's determination is conclusive and entitled to full faith and credit, even if its determination is wrong.").

■ Even where an issue goes to the subject matter jurisdiction of the court, a litigant is still bound by the resolution of that issue when they choose to litigate it, and lose. Here, Porter raised her jurisdictional objections in her motion to reconsider, but failed to prosecute her appeal of the trial court's adverse ruling to its conclusion. Porter is bound by the prior adjudication of her jurisdictional objections, and cannot reassert the same objections now.[5]

### Conclusion

The circuit court's judgment is affirmed.

NEWTON, C.J., concurs.

LOWENSTEIN, J., not participating.

### APPENDIX

**[Opinion filed by Judge Lowenstein on September 15, 2009, dissenting from this Court's original disposition of this appeal]**

The judgment was *void ab initio* in violation of a bankruptcy stay, and, under any

---

5. Because we conclude that the trial court properly held that Porter was precluded from reasserting her arguments concerning the bankruptcy stay because of the court's earlier rejection of those arguments on her motion for reconsideration, we need not address the trial court's alternative conclusion that Porter's conduct had waived her right to rely on the bankruptcy stay. *But see supra* note 4.

We emphasize that our holding is limited to the issue actually presented here: whether Porter was entitled to reassert, in the circuit court, her claim that the Cains' judgment was void due to the bankruptcy stay. We do not undertake to address, or decide, whether Porter could seek relief on these grounds in the federal courts. In this regard, *see In re Gruntz* (*Gruntz v. County of Los Angeles*), 202 F.3d 1074, 1078–84 (9th Cir.2000) (*en banc* ). Given our disposition, we also take no position concerning Porter's right to enforce any agreement she may claim to have with the Cains to limit their recovery to her insurance coverage, or her right to avoid or defeat execution of the judgment based on any discharge of her liabilities at the conclusion of her bankruptcy proceeding.

analysis, the trial court's entry of judgment against Porter was error. *LaBarge v. Vierkant (In re Vierkant),* 240 B.R. 317, 320 (8th Cir.BAP1999). The trial court never had subject matter jurisdiction over Porter and the judgment entered in the Cain's action was, therefore, void.

The trial court denied Porter's motion pursuant to Rule 74.06 finding that Porter chose to litigate the matter before raising the bar of the bankruptcy stay. The record belies this finding. Porter amended the list of creditors to include the Cains and signed a stipulation to lift the stay to the extent of Porter's vehicle insurance coverage. The Cains' trial counsel did not file the motion, but, father proceeded to secure a default judgment with the knowledge that Porter was under bankruptcy protection. The record does not demonstrate any "conscious decision" by Porter to "game the system" as the trial court so alleged.

For the above reasons, I would reverse, finding the judgment against Porter void.