Carolynne M. KIEFFER, Appellant,

v.

Jennifer ICAZA, Ramiro Icaza, and
Dianne Icaza, Respondents.

No. SC 92098.

Supreme Court of Missouri,
En Banc.

July 31, 2012.

Rehearing Denied Sept. 25, 2012.

Carolynne Kieffer, St. Louis, pro se.

Brice R. Sechrest, John M. Williams and Joseph A. Murray of Williams & Sechrest PC, Park Hills, and Kenneth C. McManaman of Kenneth C. McManaman LLC in Cape Girardeau, for Icazas.

RICHARD B. TEITELMAN, Chief Justice.

Carolynne Kieffer appeals a judgment in favor of Jennifer Icaza, Ramiro Icaza, and Dianne Icaza on Kieffer's petition for breach of contract and property damage.[1] The judgment is affirmed.

## FACTS

In July 1998, Kieffer and the Icazas entered into a lease agreement for a residence to be used by Jennifer Icaza. On September 16, 2005, Kieffer filed a petition for breach of contract and property damage against the Icazas claiming that they had breached the terms of the lease and had committed waste on the property. The Icazas filed a counterclaim against appellant.

The cause was scheduled for a bench trial on Wednesday, February 13, 2008. On Friday, February 8, 2008, Kieffer filed a motion for jury trial. On February 13, 2008, the trial court overruled Kieffer's motion for jury trial on the grounds that "the motion was improperly filed and that Kieffer did not send a copy of that motion to both of the counsels that were listed as counselors for the the Icazas in this case."

The trial court held a bench trial as scheduled and took the case under submission. On May 29, 2008, the trial court entered a judgment and ruled in favor of the Icazas on Kieffer's petition and in favor of Kieffer on the Icazas' counterclaim.

The court of appeals held that the judgment was void because section 517.111.2 required the judgment to be entered within 30 days after the case was submitted. *Kieffer v. Icaza*, 296 S.W.3d 495, 497 (Mo. App.2009). The court of appeals directed the circuit court to set aside the May 29, 2008, judgment and treat the case as finally submitted on the day the judgment was set aside.

On February 10, 2010, the circuit court set aside the judgment. On March 3, 2010, the trial court entered a new judgment denying Kieffer's request for a jury trial and again finding in favor of the Icazas on Kieffer's petition and in favor of Kieffer on the Icazas' counterclaim. This appeal follows.

## ANALYSIS

■ This Court will affirm the circuit court's judgment unless it is not supported

---

1. The trial court also entered judgment in favor of Kieffer on the Icazas' counterclaim.

The Icazas have not filed a cross-appeal.

by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

### I. *Law of the Case*

The Icazas assert that the law of the case doctrine bars consideration of Kieffer's first five points on appeal. They contend that Kieffer could have raised these issues in her first appeal and that her failure to do so means that this Court should not consider the issues now.

In *Williams v. Kimes,* 25 S.W.3d 150, 153–54 (Mo. banc 2000), this Court explained the law of the case doctrine as follows:

> The law of the case doctrine governs successive appeals involving substantially the same issues and facts, and applies appellate decisions to later proceedings in that case. *State v. Phillips,* 324 S.W.2d 693, 694 (Mo.1959); *State v. Allen,* 363 Mo. 467, 251 S.W.2d 659, 660 (1952). A previous holding is the law of the case, precluding relitigation of issues on remand and subsequent appeal. *State v. Graham,* 13 S.W.3d 290, 293 (Mo. banc 2000). The decision of a court is the law of the case for all points presented and decided, as well as all matters that arose before the first adjudication and might have been raised but were not. *Id.; State v. Meyer,* 293 Mo. 108, 238 S.W. 457, 458 (1922). According to the law of the case doctrine, failure to raise points in a prior appeal means that a court later hearing the case need not consider them. *United States v. Kress,* 58 F.3d 370, 373 (8th Cir.1995). Appellate courts have discretion to consider an issue where there is a mistake, a manifest injustice, or an intervening

change of law. *Graham,* at 293; *Phillips,* at 694.

■ Although the law of the case doctrine generally applies to issues that could have been raised by Kieffer during the first appeal and, in certain other circumstances, the doctrine does not apply when the judgment underlying the first appeal is reversed because it was void. For instance, in *Century Fire Sprinklers, Inc. v. CNA/Transportation Ins. Co.,* 87 S.W.3d 408, 423 (Mo.App.2002), the court held that the law of the case doctrine was inapplicable to the trial court's legal determination regarding insurance coverage because reversal of that judgment in the first appeal rendered the trial court's original judgment void. When a judgment is reversed completely, "the case is put in the same posture in which it was before the judgment was entered ... [and] the parties' rights are left wholly unaffected by any previous determination that was reversed, so that a judgment that is reversed and remanded stands as if no trial has yet been held." *Id.,* citing 5 Am.Jur.2d Appellate Review § 861 (1995). Likewise, in this case, the first appeal resulted in a complete reversal of the underlying void judgment. The law of the case doctrine does not apply in this case. Therefore, this Court will consider the merits of Kieffer's points on appeal.[2]

### II. *Rule 51.05(e)*

In Kieffer's first point, she asserts that the trial court violated Rule 51.05(e) when Judge Michael Steltzer assigned the case to Judge Michael Mullen. Rule 51.05(e) provides as follows:

> The judge promptly shall sustain a timely application for change of judge upon

---

**2.** The Icazas also assert that Kieffer's brief should be stricken for failure to comply with Rule 84.04. Kieffer's brief will not be stricken because it sufficiently apprises this Court of her points on appeal.

its presentation. The disqualified judge shall transfer the case to a judge stipulated to by the parties if the new judge agrees to take the case. If the case is not so transferred, the disqualified judge shall notify the presiding judge:

(1) If the presiding judge is not disqualified in the case, the presiding judge shall assign a judge of the circuit who is not disqualified or request this Court to transfer a judge; or

(2) If the presiding judge is disqualified in the case, a judge of the circuit shall be assigned in accordance with local court rules, so long as the local court rules do not permit the disqualified judge to make the assignment, or the presiding judge shall request this Court to transfer a judge.

Kieffer asserts that Judge Steltzer did not allow the parties to stipulate to a new judge, that he failed to consult with Judge Mullen to determine if he consented to taking the case, and that the reassignment was approved by Judge David Dowd instead of Presiding Judge Thomas Frawley. Each of these assertions is without merit.

■ First, there is nothing in the record to support the conclusion that Judge Steltzer prevented the parties from stipulating to a new judge. Second, the fact that Judge Mullen took the case indicates that he consented to taking the case. Finally, the fact that Judge Dowd approved the reassignment does not mean that he was not acting as the presiding judge. St. Louis City Circuit Court Local Rule 36.8 provides that the presiding judge can be "any judge presiding in Division No. 1 by assignment or request of the Presiding Judge of the Circuit Court." Kieffer simply asserts that Judge Frawley was the presiding judge in 2008, but this does not mean that Judge Dowd was not acting as the presiding judge for purposes of reassigning this case. Kieffer cites no evidence indicating that Judge Dowd was not acting as the presiding judge and, therefore, has not demonstrated any error in the re-assignment of the case to Judge Mullen. Point one is denied.

### III. *Local Rule 6.1.1.1*

■ In her second point on appeal, Kieffer asserts that Judge Mullen, sitting in Division 27 of the St. Louis city circuit court, erred by transferring the case to Division 28 instead of Division 29. Kieffer is correct that Local Rule 6.1.1.1 provides that "[a]ny case pending in Division 27 in which a jury trial has been requested shall be heard in Division 29." The flaw in Kieffer's argument is that there was never a valid request for a jury trial. Section 517.091.1, RSMo 2000, provides that "[i]n any case triable before a jury, a trial by jury shall be deemed waived unless written demand be filed not later than five days before the return date of summons or the date set for trial, whichever is later." Rule 44.01(a) provides that "[w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Kieffer filed her motion for a jury trial on Friday, February 8, 2008. The trial was scheduled for Wednesday, February 13, 2008. Excluding Saturday and Sunday from the computation period as required by Rule 44.01(a) means that Kieffer did not request her jury trial five or more days prior to the scheduled trial. Kieffer waived her right to a jury trial. Therefore, Local Rule 6.1.1.1 did not require that the case be assigned to Division 29. Point two is denied.

### IV. *Discovery sanctions*

In Kieffer's third point, she asserts that Judge Mullen did not have jurisdiction to impose sanctions against her for failure to

comply with a discovery order because the Icazas' motion for sanctions did not comply with Local Rule 32.6(1). Local Rule 32.6(1) requires that the party seeking sanctions "separately set out in full each question together with any response, objection or other matter material thereto, so that the Court may consider and rule on each question without referring to any other matter in the Court file."

■ Kieffer's argument is without merit. Rule 32.6(1) does not determine the trial court's jurisdiction. It simply requires a party seeking discovery sanctions to identify specifically the discovery request at issue. Furthermore, even if a party fails to identify specifically the discovery request at issue, it does not follow that the trial court must overrule a motion for sanctions. Local Rule 32.6(2) provides that the court "may on its own motion ... deny any motion which fails to comply with this rule, and on motion of any party the Court may similarly deny the motion and make further order authorized by Supreme Court Rule." Local Rule 32.6(2) gives the trial court discretion to overrule a motion for sanctions that does not comply with Local Rule 32.6(1) but does not require that the motion be overruled. Point three is denied.

## V. Lack of jurisdiction to assign the case to Division 27

■ In her fourth point on appeal, Kieffer asserts that Judge Steltzer in Division 28 exceeded his jurisdiction by transferring the case to Judge Mullen in Division 27. She asserts that Judge Steltzer lacked jurisdiction because she had withdrawn her motion for a change of judge. Even if Kieffer did withdraw her motion for a change of judge, Judge Steltzer did not lack jurisdiction to transfer the case to another judge. A trial judge retains discretion to recuse from a case or grant a change of judge for any number of rea-

sons. This is not a jurisdictional issue. Point four is denied.

## VI. Sufficiency of the evidence

■ In Kieffer's fifth point, she asserts that the trial court's judgment was against the weight of the evidence and that she should have been awarded damages for the Icazas alleged breach of the lease agreement. To make a submissible case on a claim of breach of contract, Kieffer had to prove: (1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages. *Howe v. ALD Servs., Inc.,* 941 S.W.2d 645, 650 (Mo.App.1997).

■ Kieffer did not provide an itemized list of damages. Therefore, she failed to prove any damages as a result of the alleged breach. Additionally, the trial transcript demonstrates that Kieffer, who litigated the case *pro se,* failed repeatedly to offer relevant evidence or examine the Icazas about issues relevant to the alleged breach.

In contrast, the Icazas offered detailed testimony regarding Kieffer's repeated, unauthorized entry into the condominium. For instance, Jennifer Icaza testified that on one occasion, she returned to the condominium for a lunch break and found Kieffer and an unknown man in the condominium going through Ms. Icaza's personal belongings. Ms. Icaza also testified that there were several instances in which she returned to the condominium to find her personal belongings had been moved and drawers and cabinets had been left opened. Ms. Icaza testified that Kieffer was the only other person with access to the condominium and that the repeated unauthorized entries left her scared for her safety. There was substantial evidence supporting the trial court's determi-

nation that Jennifer Icaza did not breach the lease agreement.   Point five is denied.[3]

## CONCLUSION

The judgment is affirmed.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and PRICE, JJ., and SUTER, Sp.J., concur.

DRAPER, J., not participating.

---

3.  Kieffer's sixth and seventh points relied on assert that the court of appeals erred in its analysis of certain issues on appeal.  This Court reviews the trial court's judgment "the same as an original appeal" and, therefore, does not review the court of appeals opinion. Mo. Const. art. V, sec. 10.