

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| MICHAEL EIVINS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD86435 |
| | ) | |
| MISSOURI DEPARTMENT | ) | Opinion filed: June 11, 2024 |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF
BUCHANAN COUNTY, MISSOURI
THE HONORABLE DANIEL F. KELLOGG, JUDGE**

Division Two: Thomas N. Chapman, Presiding Judge,
Karen King Mitchell, Judge and W. Douglas Thomson, Judge

Michael Eivins ("Eivins") appeals the judgment of the Circuit Court of Buchanan County ("trial court") in favor of the Missouri Department of Corrections ("DOC") following a jury trial on Eivins's claims against the DOC for age discrimination, retaliation, and hostile work environment. Eivins raises three points on appeal. In Point I, Eivins claims the trial court erred in denying his Motion for Judicial Determination of Uncontroverted Facts Pursuant to Rule

74.04(d)[1] because the trial court ignored the law of the case as set forth in *Eivins v. Mo. Dep't of Corr.*, 636 S.W.3d 155 (Mo. App. W.D. 2021) (hereinafter, "*Eivins I*"), thereby prejudicing Eivins. In Point II, Eivins similarly raises error with the denial of this motion, asserting "the trial court a) failed to conduct a Rule 74.04(d) analysis and/or b) improperly held the DOC's admissions did not apply to the facts of the case", thereby prejudicing him. And, in Point III, Eivins contends the trial court denied him "equal protection of the law when it concluded that the DOC's admissions were not 'to the facts of the case itself' and refused to bind the DOC to its admissions . . . ." Finding no error, we affirm.

**Factual and Procedural History**

This is Eivins's second appeal in his suit against his former employer, the DOC, for his claims under the Missouri Human Rights Act ("MHRA") of age discrimination, retaliation, and hostile work environment. As the basis for these claims, Eivins alleged the DOC failed to promote him "in favor of younger, less-qualified candidates," he was constantly "nitpicked," was barred from applying for other promotions by being placed on a "Performance Plan," and was falsely accused of drinking on the job.[2]

In his first appeal to this court, Eivins challenged a judgment by the trial court which granted the DOC summary judgment on all of said claims. *Eivins I*, 636 S.W.3d at 161. This court affirmed the trial court's judgment in part, reversed

---

[1] All rule references are to Missouri Supreme Court Rules (2023).
[2] The underlying facts to these allegations can be found in *Eivins I*, 636 S.W.3d at 161-63.

2

as to the grant of summary judgment to the DOC, and remanded to the trial court "for further proceedings consistent with this opinion." *Id.* at 181. We held material facts remained in dispute as to each claim, in part due to the DOC's failure to comply with Rule 74.04(c)(2)-(3) in replying to statements of fact which Eivins provided in response to the DOC's motion for summary judgment. *Id.* at 176-78, 179-81. Due to this failure to comply, we found the DOC had "admitted *all* but two or three of Eivins's forty-three statements of fact." *Id.* at 176.

Following remand, the case was reopened from our mandate. Eivins filed a Motion for Judicial Determination of Uncontroverted Facts Pursuant to Rule 74.04(d) (the "Rule 74.04(d) motion"), in which he moved the trial court "for a judicial finding that certain facts are conclusively admitted by [the DOC] as set forth in [*Eivins I*]." The motion alleged that "[i]n accordance with the mandate of the Court of Appeals, [the DOC] has admitted [Eivins's] Statements of Fact 2, 3, 5-40, 42, and 43." Arguments on Eivins's Rule 74.04(d) motion were heard on March 8, 2023. In a judgment dated March 22, 2023, the trial court denied the motion, "finding the Appellate Court's ruling was applicable to the Motion for Summary Judgment, not the facts of the case itself."

Jury trial commenced on March 28, 2023.[3] Following the presentation of evidence, the jury was instructed on Eivins's MHRA claims of age discrimination,

---

[3] A transcript of the jury trial has not been submitted to this court and therefore is not part of the record on appeal. As the appellant, it is Eivins's duty to order and file the transcript in the appellate court. Rule 81.12(c)(1); Rule 81.12(d). "Matters omitted from the record on appeal will not be presumed to be favorable to the appellant." *State v. White*, 556 S.W.3d 110, 113 n.2 (Mo. App. W.D. 2018) (citation omitted). And, "such

3

retaliation, and hostile work environment. The jury returned verdicts in favor of the DOC on all claims, and the trial court subsequently entered a judgment in favor of the DOC. Thereafter, Eivins filed a timely Motion for New Trial, which included a claim that the trial court erred when it failed to make judicial findings pursuant to Rule 74.04(d) that the DOC admitted the aforementioned facts. The trial court did not act on this motion, and thus, Eivins's Motion for New Trial was overruled by operation of law. *See* Rule 78.06; Rule 81.05(a)(2)(A).

Eivins appeals. Additional facts will be provided below, as necessary.

## Point I

In his first point on appeal, Eivins contends the trial court erred in denying his Rule 74.04(d) motion "because the trial court ignored the law of the case with respect to the DOC's admissions as set forth in [*Eivins I*] and, by doing so, prejudiced Eivins, thereby requiring a new trial." Eivins specifically argues that our "opinion in *Eivins I* required the trial court to find the DOC had admitted the facts identified by this Court as admitted." Eivins thus concludes that "the trial court rejected the law of the case," which improperly forced Eivins "to relitigate issues already decided" and impermissibly allowed the DOC "to litigate issues and facts it had already admitted." We disagree.

> The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal. The doctrine governs successive adjudications involving the same issues and facts. Generally, the decision of

evidentiary omissions will be taken as favorable to the trial court's ruling and unfavorable to the appeal." *Id.* (quoting *City of Kansas City v. Cosic*, 540 S.W.3d 461, 464 (Mo. App. W.D. 2018)).

4

a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not.

*Malin v. Cole Cty. Prosecuting Att'y*, 678 S.W.3d 661, 674 (Mo. App. W.D. 2023) (emphasis removed) (quoting *Walton v. City of Berkeley*, 223 S.W.3d 126, 128-29 (Mo. banc 2007)).  "Pursuant to this doctrine, prior decisions of the appellate court become the law of the case in any subsequent proceedings, and the trial court has no authority to modify, alter, or otherwise depart from those prior decisions." *Miller v. Mo. Dep't of Transp.*, 97 S.W.3d 478, 481 (Mo. App. W.D. 2002) (citation omitted).

First, we note that the issue before us in *Eivins I* was whether the trial court's grant of summary judgment on claims of age discrimination, hostile work environment, and retaliation was proper.[4]

However, we need not get to Eivins's argument as the reversal on appeal of the grant of the DOC's motion for summary judgment in *Eivins I* rendered such previous determination null and void in its entirety.  The Missouri Supreme Court has stated the "law of the case doctrine generally applies to issues that could have been raised . . . during the first appeal," but

[w]hen a judgment is reversed completely, "the case is put in the same posture in which it was before the judgment was entered . . . [and] the parties' rights are left wholly unaffected by any previous determination that was reversed, so that a judgment that is reversed and remanded stands as if no trial has yet been held."

---

[4] We note that none of the admitted facts at issue in *Eivins I* were deemed admitted under Rule 59.01 or Rule 61.01(c).

*Kieffer v. Icaza,* 376 S.W.3d 653, 655 (Mo banc 2012) (second alteration in original) (quoting *Century Fire Sprinklers, Inc. v. CNA/Transp. Ins. Co.,* 87 S.W.3d 408, 423 (Mo. App. W.D. 2002) (hereinafter, "*Century II*")).[5]

In so stating the law in Missouri, the Supreme Court cited *Century II* with approval. There, in *Century I*, CNA moved for summary judgment in reliance upon exclusions in the insurance policy it sold to Century. *Century II*, 87 S.W.3d at 412. The summary judgment motion was granted. *Id.* On appeal, this court reversed, holding "that an insurance policy exclusion is an affirmative defense that must be pled or it may be waived." *Id.* (citation omitted). We then remanded the case to the trial court "to exercise its sound discretion as to whether to allow CNA to so amend" its responsive pleading. *Id.* (quoting *Century Fire Sprinklers, Inc. v. CNA/Transp. Ins. Co.,* 23 S.W.3d 874, 880 (Mo. App. W.D. 2000)). Upon remand, after amending and affirmatively pleading the exclusions, CNA again moved for summary judgment. *Id.* at 412-13. The trial court granted said motion, incorrectly holding that its "ruling on the coverage issue in CNA's *first* motion for summary judgment *remained* the law of the case." *Id.* at 414 (emphasis added). Century appealed and we reversed, holding:

> A complete reversal generally annuls the judgment below, and the case is put in the same posture in which it was before the judgment was entered.

---

[5] In *Eivins I*, we concluded that the trial court's judgment was affirmed in part and reversed and remanded in part; thus, it is not technically a "complete" reversal. However, our "affirm in part" simply agreed the trial court applied the correct legal standard (namely, that applying the "motivating factor standard" under the MHRA was correct). The *grant of summary judgment* on Eivins's MHRA claims was completely reversed, rendering the rule in *Kieffer* applicable thereto.

> Thus, after the reversal on appeal, the parties' rights are left wholly unaffected by any previous determination that was reversed, so that a judgment that is reversed and remanded stands as if no trial has yet been held.

*Id.* at 423 (quoting 5 AM.JUR.2D *Appellate Review* § 861 (1995)).

Here, consistent with the *Eivins I* holding and opinion, the trial court reopened the case upon remand and the case was scheduled for jury trial on Eivins's claims, thereby putting the parties in the positions they were in prior to the improper grant of summary judgment. No other action was required of the trial court by our holding in *Eivins I*.[6] Upon reversal and remand, "the case [was] put in the same posture in which it was before the judgment was entered" and the underlying trial court judgment was a nullity. *Kieffer*, 376 S.W.3d at 655 (quoting *Century II*, 87 S.W.3d at 423). Our determination in *Eivins I* that the DOC admitted facts in the summary judgment proceeding pursuant to Rule 74.04(c) was solely for the purpose of our analysis in determining whether the initial summary judgment was granted in error.[7] The law of the case doctrine is not applicable here.

---

[6] For example, in its conclusion of Point II, *Eivins I* stated: "We conclude that material facts remain in dispute as to whether the DOC's reasons for failing to promote Eivins constitute legitimate, nondiscriminatory justifications. The circuit court erred in granting summary judgment to the DOC on Eivins's MHRA age discrimination claim." 636 S.W.3d at 178.

[7] Ultimately, Eivins would like this Court to find that in *Eivins I*, we held that the DOC admitted certain facts *for any and all purposes*. Such was not our holding in *Eivins I*. Rather, in *Eivins I*, we were tasked with examining whether the trial court's grant of the DOC's motion for summary judgment was proper. To make such a determination, we relied on the procedure described in Rule 74.04. There, Rule 74.04(c)(3) requires the summary judgment movant – in this case, the DOC – to respond to each additional statement of fact set forth by the adverse party by "admit[ting] or deny[ing] each such factual statement." Each response to the adverse party's statement of additional facts

Point I is denied.

## Point II

Eivins's second point on appeal claims the trial court erred in denying his Rule 74.04(d) motion because "even if the DOC's admitted facts were not the law of the case, the trial court a) failed to conduct a Rule 74.04(d) analysis and/or b) improperly held the DOC's admissions did not apply to the facts of the case[.]" He continues that the trial court prejudiced him in doing so, "thereby requiring a new trial."[8]

Eivins has failed to preserve the first claim of error in Point II for appellate review.

> Apart from questions of jurisdiction of the trial court over the subject matter, allegations of error not briefed or not properly briefed shall not be

---

must comport with Rule 74.04(c)(2), which states that any "response that does not comply with this Rule 74.04(c)(2) . . . is an admission of the truth of that numbered paragraph," which the DOC failed to do. Therefore, in *Eivins I* our determination that the DOC admitted certain facts because the DOC failed to properly respond to them was confined to our holding that the trial court erred in granting summary judgment in the DOC's favor, nothing more.

[8] Initially, we note that this point is multifarious in violation of Rule 84.04(d)(1). "Rule 84.04 is violated if a point 'groups together multiple, independent claims rather than a single claim of error, and a multifarious point is subject to dismissal.'" *Crisp v. Mo. Sch. for Deaf, Dep't of Elementary & Secondary Educ.*, 681 S.W.3d 650, 658 (Mo. App. W.D. 2023) (quoting *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017)). In Point II, Eivins includes two different legal reasons as to why the trial court erred in denying his motion, specifically by a) failing to conduct a Rule 74.04(d) analysis, and b) improperly holding the DOC's admissions did not apply to the facts of the case. "A multifarious point on appeal preserves nothing for appellate review." *Id.* at 659 (citing *Kirk*, 520 S.W.3d at 450 n.3). However, "[i]n our discretion, we may review all, some, or none of a multifarious point relied on." *Id.* (citations omitted). This is especially true "when we can readily discern and separate the independent claims of error asserted in the point." *Id.* (citing *Cityview Real Estate Servs., LLC v. K.C. Auto Panel, Inc.*, 576 S.W.3d 187, 191 (Mo. App. W.D. 2019)). It also appears from Respondent's brief that it was able to readily discern the separate claims of error. We choose to exercise this discretion with respect to the second claim of error within Point II.

considered in any civil appeal and allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case.

Rule 84.13(a). In a jury tried case, except in circumstances not applicable here, "allegations of error must be included in a motion for a new trial in order to be preserved for appellate review." Rule 78.07(a). Here, Eivins included a claim within his Motion for New Trial concerning the denial of his Rule 74.04(d) motion and the trial court's failure to find the DOC had admitted certain facts pursuant to Rule 74.04(d), his second claim of error in Point II. However, nowhere within said claim did Eivins raise the specific argument that the trial court "failed to conduct a Rule 74.04(d) analysis" as asserted in the first claim of error in Point II. Nor is there any other indication in the record that Eivins ever presented this issue to the trial court, especially when a transcript of the proceedings has not been provided to this court.[9] Eivins has thus failed to preserve this first claim of error in Point II for our review. While we may, in our discretion, consider unpreserved claims for plain error, we choose not to do so here. Rule 84.13(c).

---

[9] This would also prevent this claim of error from being preserved under Rule 78.07(b), which provides,

> Except as otherwise provided in Rule 78.07(c), in cases tried without a jury or with an advisory jury, neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review *if the matter was previously presented to the trial court*.

(Emphasis added). *See also Hootselle v. Mo. Dep't of Corr.*, 624 S.W.3d 123, 131 (Mo. banc 2021) ("Issues determined under Rule 74.04 are considered tried without a jury." (citation omitted)).

Accordingly, we review Point II only for Eivins's assertion that the trial court erred in denying his Rule 74.04(d) motion[10] because the court "improperly held the DOC's admissions did not apply to the facts of the case and, by doing so, prejudiced Eivins, thereby requiring a new trial."

For the reasons stated in Point I, however, Eivins's Point II must also fail. When the grant of the DOC's motion for summary judgment was reversed on appeal in *Eivins I*, it was rendered null and void. *Kieffer*, 376 S.W.3d at 655; *Century II*, 87 S.W.3d at 423. No facts deemed admitted at any time in the summary judgment proceeding continued to be admitted because the parties were left wholly unaffected by any previous summary judgment determination that was reversed, and "the case [was] put in the same posture in which it was before the judgment was entered[.]" *Kieffer*, 376 S.W.3d at 655 (quoting *Century II*, 87 S.W.3d at 423). To the extent this court deemed facts uncontroverted due to the DOC's failure to deny same in *Eivins I*, our determination of same was simply part

---

[10] Appellant's use of Rule 74.04(d) is curious, as Missouri courts have historically interpreted Rule 74.04(d) as governing the adjudication of partial summary judgments. "Rule 74.04(d) applies to cases 'not fully adjudicated on motion,' or, in other words, cases in which partial summary judgments are granted." *Dygert v. Crouch*, 36 S.W.3d 1, 4 (Mo. App. W.D. 2001) (citing *State ex rel. Turner v. Sloan*, 595 S.W.2d 778, 782 (Mo. App. W.D. 1980)); *see also Scholes v. Great S. Bank*, 519 S.W.3d 519, 522 (Mo. App. S.D. 2017). Nevertheless, Appellant seeks to utilize such Rule in order to compel the trial court to accept as final for *all* purposes the facts deemed admitted by the DOC in *Eivins I's* analysis of the summary judgment therein. For the reasons described elsewhere in this opinion, as well as in reading Rule 74.04 *in pari materia*, such an application is not prudent.

of the analytical process utilized to determine whether the initial, underlying summary judgment was granted in error.[11]

Accordingly, the trial court did not violate Rule 74.04 and did not err in denying Eivins's Rule 74.04(d) motion.

Point II is denied.

## Point III

In his final point on appeal, Eivins claims the trial court denied him equal protection of the law by concluding "that the DOC's admissions were not 'to the facts of the case itself' and refus[ing] to bind the DOC to its admissions in that the unequal treatment of plaintiff and defendant for purposes of Rule 74.04 violates the equal protection clauses of the Missouri and United States Constitutions."

We review constitutional challenges *de novo*.[12] *Lewellen v. Franklin*, 441 S.W.3d 136, 143 (Mo. banc 2014) (citing *Estate of Overbey v. Chad Franklin Nat'l*

---

[11] *See supra* note 7. Further, this Court could not have determined that certain facts were admitted for any and all purposes because such is not our role. Eivins's argument would require us to interpret our decision in *Eivins I* as deciding issues beyond what was presented to the trial court. "'Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court.'" *Barkley v. McKeever Enters., Inc.*, 456 S.W.3d 829, 839 (Mo. banc 2015) (quoting *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 814 (Mo. banc 2011), *abrogated on other grounds by S.S.S. v. C.V.S.*, 529 S.W.3d 811 (Mo. banc 2017)). "[I]t simply is not the role of the court of appeals . . . to grant relief on arguments that were not presented to or decided by the trial court." *Id.* The issue the trial court decided in *Eivins I* was whether summary judgment was proper. Therefore, this Court could only decide that issue. It was not our place or role to decide any issue that extended beyond whether summary judgment was proper, nor did we.

[12] It may not be clear whether Eivins' challenge to the constitutionality of Rule 74.04 implicates the Supreme Court's exclusive appellate jurisdiction under Article V, section 3 of the Missouri Constitution, which applies to 'cases involving the validity . . . of a statute or provision of the constitution of this state.' But even if Article V, section 3 were otherwise applicable here, it would not require the transfer of this appeal to the Supreme

*Auto Sales N., LLC*, 361 S.W.3d 364, 372 (Mo. banc 2012)).  This includes reviewing whether a constitutional right has been violated.  *State v. Sisco*, 458 S.W.3d 304, 312 (Mo. banc 2015) (citations omitted).

> The United States Constitution provides, "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend XIV.  Article I, section 2 of the Missouri Constitution provides in pertinent part, "[A]ll persons are created equal and are entitled to equal rights and opportunity under the law."  Missouri's equal protection clause provides the same protections as the United States Constitution.  *In re Care and Treatment of Coffman*, 225 S.W.3d 439, 445 (Mo. banc 2007).

*State v. Young*, 362 S.W.3d 386, 396 (Mo. banc 2012) (alteration in original).

Importantly, "[a] law may properly treat different groups differently, *but it may not treat similarly situated persons differently* unless such differentiation is adequately justified."  *Doe v. Phillips*, 194 S.W.3d 833, 845 (Mo. banc 2006)

---

Court.  "Article V, section 3 of the Missouri Constitution provides the Missouri Supreme Court with exclusive jurisdiction over real and substantial constitutional challenges."  *State v. Newlon*, 216 S.W.3d 180, 185 (Mo. App. E.D. 2007) (citation omitted).  This means that the Supreme Court's "exclusive appellate jurisdiction is not invoked simply because a case involves a constitutional issue."  *Matter of Brown v. State*, 519 S.W.3d 848, 853 (Mo. App. W.D. 2017) (quoting *McNeal v. McNeal-Sydnor*, 472 S.W.3d 194, 195 (Mo. banc 2015)).  Rather, "[t]he constitutional issue must be real and substantial, not merely colorable."  *Id.* (alteration in original) (quoting *McNeal*, 472 S.W.3d at 195).  "If a constitutional claim is simply colorable, however, the court of appeals may address the challenge."  *Newlon*, 216 S.W.3d at 185 (citation omitted).

> "In determining whether a constitutional claim is real and substantial or merely colorable, [the reviewing c]ourt makes a preliminary inquiry as to whether [the claim] presents a contested matter of right that involves fair doubt and reasonable room for disagreement."  *Mo. Hwy. and Transp. Comm'n v. Merritt*, 204 S.W.3d 278, 285 (Mo. App. E.D. 2006).  "If this initial inquiry shows that the claim is so legally or factually insubstantial as to be plainly without merit, the claim may be deemed merely colorable."  *Id.*

*Matter of Brown*, 519 S.W.3d at 853 (alterations in original).

As will be discussed within Point III, Eivins's claim is so legally and factually insubstantial as to be plainly without merit, as no difference in treatment between him and the DOC occurred.  Accordingly, Eivins's claim is simply colorable and we may address his challenge.

(emphasis added) (citation omitted), *abrogated on other grounds as recognized by State v. Molsbee*, 316 S.W.3d 549, 551 n.1 (Mo. App. W.D. 2010).

We apply a two-step analysis to equal protection violation claims. *Cosby v. Treasurer of State*, 579 S.W.3d 202, 209 (Mo. banc 2019) (citing *Amick v. Dir. of Revenue*, 428 S.W.3d 638, 640 (Mo. banc 2014)).

> A court first determines whether the classification at issue involves a suspect class, such as race or gender, or whether a fundamental right is at issue. "If there is no suspect classification or fundamental right at issue, a court will apply rational-basis review to determine whether the challenged law is rationally related to some legitimate end."

*Id.* (internal citations omitted) (citing and quoting *Amick*, 428 S.W.3d at 640). "[E]qual protection claims may be brought by a 'class of one,' where the plaintiff alleges that he or she has been intentionally treated differently from others similarly situated and that there is no rational basis for this difference in treatment." *Inv'rs. Title Co. v. Hammonds*, 217 S.W.3d 288, 300 (Mo. banc 2007) (citing *Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)).

Here, Eivins does not challenge Rule 74.04 itself, but rather its application by the trial court to himself and the DOC. In particular, he asserts the trial court violated his "rights to equal protection when it applied a different Rule 74.04 standard to him than it did to the DOC and did not hold the DOC to its admissions for purposes of trial." In so arguing, Eivins refers back to the summary judgment proceedings preceding *Eivins I*, where he asserts that, in granting the DOC's motion for summary judgment, the trial court used "Eivins's admissions of fact for

13

all purposes, including trial, and denied Eivins his day in court." Eivins asserts the trial court failed to similarly bind the DOC to its admissions when the court denied his Rule 74.04(d) motion and "held the DOC's admissions were for limited purposes and did not extend to trial or 'the facts of the case itself.'"

Fatal to Eivins's claim is the fact that there has been no difference in treatment between him and the DOC. Contrary to what Eivins claims, he was ultimately not "bound" by his admissions, as the grant of the DOC's motion for summary judgment was *reversed* by this court in *Eivins I*, thereby resulting in Eivins receiving his day in court. As discussed above, as a result of our reversal, the summary judgment was null and void, meaning "the parties' rights [were] left wholly unaffected by [the] previous determination that was reversed, so that [the summary] judgment that is reversed and remanded stands as if no trial has yet been held." *Century II*, 87 S.W.3d at 423 (quoting 5 AM.JUR.2D *Appellate Review* § 861 (1995)).

Point III is denied.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

14